# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HELI USA AIRWAYS, INC.,

    Defendant.

Case No. 2:09-CV-01339-KJD-PAL

**ORDER**

    Before the Court is the United States' Motion for Summary Judgment (#19). Defendant Heli USA Airways ("Heli") filed an opposition (#23) to which the government replied (#24).

I.  Background

    Lee F. Rhodes was employed by Heli as a pilot between 2008 and 2010. Rhodes owed federal income tax liabilities for the years 1999 through 2003 and civil penalties for the years 1999 through 2001. Pursuant to 26 U.S.C. § 6321 the IRS [instituted] a Levy on Wages, Salary, and Other Income. This levy required Heli to turn over to the IRS Rhodes' "wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released..."

    On January 9, 2008, Revenue Officer Ginger Wray (hereinafter "RO Wray") sent a Notice of Levy on Wages, Salary, and Other Income with regard Rhodes to defendant Heli (the "January Notice of Levy"). The January Notice of Levy was sent via U.S. Mail to the attention of Omar Palacios, the Chief Financial Officer of Heli. The IRS did not receive any response from Heli to the Notice of Levy.

On February 19, 2008, RO Wray contacted Palacios by telephone to inquire as to why Heli had not complied with the January Levy on Rhodes' wages. Palacios stated that he had not received the January Levy. RO Wray informed Palacios that she had mailed the levy to him by U.S. Mail and that she would send a second levy to him on that date by certified mail and by telefax. She did so (the "February Notice of Levy.")

In April 2008, Heli had still not complied with the January and February Notices of Levy (collectively "Notices of Levy"). RO Wray prepared a Final Demand for Payment which was served on Palacios on April 8, 2008 by Revenue Office Chris Footit. Later, Palacios left Heli due to severe anxiety and depression. After Palacios left Heli, the company discovered that Palacios had neglected his responsibility in relation to some business and legal matters during his term as CFO.

The United States filed the Complaint for Failure to Honor Internal Revenue Service Wage Levy in this matter on July 23, 2009. As of March 1, 2011, the outstanding balance of Lee F. Rhodes tax liabilities and penalties for the years 1999 through 2003, included on the levy served on Heli, is $49,175.92.

II. Discussion

    A.  Legal Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the non-moving party. See Matsushita, 475 U.S. at 587. However, the non-moving party may not rest upon the mere

allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

### B. Legal Authority for a Wage Levy

Title 26 U.S.C. § 6321 provides the United States a lien against "all property and rights to property, whether real or personal" belonging to a taxpayer who fails to pay tax liabilities after assessment and demand. Section 6331 provides that the Secretary of the Treasury may collect unpaid taxes "by levy upon all property and rights to property belonging to such person or on which there is a lien provided in this chapter for the payment of the tax." The Supreme Court has noted that "[s]tronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." Glass City Bank v. United States, 326 U.S. 265, 267 (1945).

In situations where a delinquent taxpayer's property is held by a third party such as an employer, the IRS serves a notice of levy upon that third party pursuant to 26 U.S.C. § 6332(a). "This notice gives the IRS the right to all property levied upon, and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive

possession of the Government." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719-20 (1985); United States v. Whiting Pools, Inc., 462 U.S. 178 (1983); Phelps v. United States, 421 U.S. 330, 334 (1975).

26 U.S.C. § 6332(a) requires the person in possession of, or obligated with respect to, property levied upon to surrender it to the Secretary of the Treasury upon demand. Failure to surrender the property results in personal liability under section 6332(d)(1). Section 6332(d)(2) further provides, that the IRS may demand an additional penalty against "any person" who "fails or refuses to surrender such property or rights to such property without reasonable cause."

A person served with a notice of levy has only two defenses under 26 U.S.C. § 6332: (1) that he is not in possession of, or obligated with respect to, property or rights to property belonging to the taxpayer on which there is a lien; or (2) that the property is subject to prior judicial attachment or execution. Nat'l Bank, 472, U.S. at 721; United States v. Hemmen, 51 F.3d 883, 887-888 (9th Cir 1995).

During the relevant period, Mr. Rhodes was paid $110,076.23 by Heli. The IRS asserts that Heli is now liable for Mr. Rhoade's unpaid taxes because it did not properly surrender the portion of these wages demanded by the IRS in the Notice of Levy served upon it.

C.  Service of the Notice of Levy

26 U.S.C. § 6331(a) provides that a notice of levy may be served by mailing the notice of levy to the person holding property of the taxpayer. 26 C.F.R. § 301.6331-1(c) ("A notice of levy may be served by mailing the notice to the person upon whom the service of a notice of levy is authorized ... ")  There is a presumption of delivery when the return receipt is received by the sender. See Busquets-Ivars v. Ashcroft, 333 F.3d 1008, 1009 (9th Cir. 2003) (no presumption where sender did not receive return receipt and used improper zip code).

The government has provided testimony that the Notices of Levy were sent to the correct address and provided the return receipt from the U.S. Postal Service for the February Notice. The government has also provided testimony and documentary evidence that the Final Demand for

Payment was personally served on Heli.  Heli has not offered any evidence to contradict the government's evidence.

Heli does not expressly claim that it did not receive either of the Notices of Levy sent by the IRS.  Instead, Heli asserts that the questions exist about whether Heli "was ever properly served with the Levy" because the IRS cannot provide a fax confirmation and because the signature on the registered mail receipt cannot be positively identified.  (Opp. at 6.)  Further, Heli claims that the Final Demand for Payment does not bear the signature of any Heli employee and that Palacios told his supervisor that he had not ever received the Final Demand for Payment. This is insufficient to show a genuine issue of fact about delivery of the notice.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Further, the claim regarding Palacios' denial to his supervisor is hearsay.  The government has adequately shown that no issue of fact exists about whether Heli was properly served with the Notices of Levy and the Final Demand for Payment.

Heli does not assert any the recognized defenses for failure to honor a levy.  Accordingly, Heli is liable for the outstanding tax liabilities noticed in the levy pursuant to 26 U.S.C. § 6332(d)(1).

D.  Reasonable Cause for Failure to Honor the Levy

A court must impose a 50% penalty on any person who fails or refuses to honor a tax levy without "reasonable cause." 26 U.S.C. § 6332(c)(2). According to the Treasury Regulation applicable to 26 U.S.C. § 6332(c)(2), a penalty should not be imposed "in cases where [a] bona fide dispute exists concerning the amount of the property to be surrendered pursuant to a levy or concerning the legal effectiveness of the levy." 26 C.F.R. § 301.6332–1(b)(2).

Here, there is no dispute about the amount of property to be surrendered.  Heli argues that Palacios' breakdown in mental health was the cause of the failure to respond to the Notices of Levy. Heli argus that it could not have known that Palacios was ignoring the Notices of Levy and that management properly supervised Palacios because it was regularly in contact with Palacios and had an outside firm perform an audit of company financials.  According to Heli, Palacios' incompetence provides "reasonable cause" for failure to comply with the levy.

1  The Court cannot agree that Palacios' conduct provides a sufficient basis to forego the penalty.  Heli cites no authority upholding a "reasonable cause" defense based on the conduct of a rouge employee – even a properly supervised one.  Heli does not cite authority showing that Palacios' conduct creates a "bona fide dispute ... concerning the ... legal effectiveness of the levy." 26 C.F.R. § 301.6332–1(b)(2).  The only case Heli points to is Matter of American Biomaterials Corp., 954 F.2d 919 (3rd Cir. 1992), where failure to file taxes was excused for lack of willful neglect.  But that case is inapposite because it interprets a section of the Internal Revenue Code that is not applicable here.  Excepting Heli from the penalty provisions of the statute where it has not raised a cognizable defense to the enforcement action would undermine the effectiveness of the levy as a remedy.  See United States v. MPM Financial Group, Inc., 215 Fed. Appx. 476, 478 (6th Cir. 2007) (holding that reasonable cause did not exist where notice was sent to business address of employer and notice was intercepted and concealed by indebted employee).  Accordingly, Heli is liable for 50% of the recoverable amount pursuant to 26 U.S.C. § 6332(c)(2).

III.  Conclusion

**IT IS HEREBY ORDERED** that the United States' Motion for Summary Judgment (#19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the government submit a proposed final judgment by December 2, 2011.

DATED this 14th day of November 2011.

_____
Kent J. Dawson
United States District Judge